UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JEFFERY WILLIAMS,

                     Plaintiff,

-against-

SBB BROADWAY 922, LLC d/b/a
SUSHI BY SCRATCH and BROADWAY
922 ENTERPRISES LLC,

                     Defendants
-------------------------------------------------------------x

Caso No.   1:25-cv-5342

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Jeffery Williams (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants SBB Broadway 922, LLC d/b/a Sushi by Scratch and Broadway 922 Enterprises LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This is a civil rights lawsuit seeking redress for unlawful and systemic disability discrimination. Plaintiff brings this action to secure declaratory and injunctive relief, compensatory damages, and attorneys' fees and costs for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq., and related federal regulations, as well as violations of the New York State Executive Law § 296, New York Civil Rights Law § 40, and the Administrative Code of the City of New York § 8-107. Defendants own, lease, manage, and operate a public establishment that fails to comply with the above laws. They are also legally responsible for the conduct of their employees and agents in this matter.

2. Rather than meet their clear legal obligations to accommodate people with disabilities, defendants chose not to make their property accessible, gambling on not being

1

held accountable. This lawsuit holds them to account. Plaintiff seeks to compel defendants to bring their public facility into full compliance with applicable laws and ensure that disabled patrons are treated with the dignity and equality the law demands.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343, as the claims involve violations of federal law, specifically the Americans with Disabilities Act. The Court also has supplemental jurisdiction over plaintiff's state and local law claims under 28 U.S.C. § 1367(a), as those claims arise from the same events and facts as the federal claims.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because the discriminatory conduct occurred here and the public accommodation at issue is located within this District.

## PARTIES

5. At all times relevant, plaintiff Jeffery Williams has resided in New York County, within the State of New York.

6. Plaintiff sustained a spinal injury at age 13 from a gunshot wound, resulting in permanent paralysis from the waist down. As a result, he uses a wheelchair and experiences severe limitations in mobility and physical function.

7. Defendants own, lease, operate, or otherwise control the premises located at 922 Broadway, New York, NY 10010 (the "Premises").

8. Each defendant is authorized to conduct business in the State of New York and has, at all times relevant, operated a public-facing business at the Premises.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9. Each defendant qualifies as a public accommodation under federal, state, and local law. They own, lease, operate, and/or manage the Premises, which is a public facility as defined by the ADA (42 U.S.C. § 12181; 28 C.F.R. § 36.104), the New York Executive Law (§ 292(9)), and the New York City Administrative Code (§ 8-102(9)).

10. The Premises is a public accommodation operated by a private entity whose services affect commerce, bringing it squarely within the scope of these statutes.

11. There are multiple physical barriers at the Premises that hinder or block access for individuals with disabilities, including the plaintiff.

12. Upon information and belief, the property was either originally constructed for occupancy after January 26, 1993, or underwent renovations or modifications at some point after January 1992, including areas attached or adjacent to the primary structure.

13. Plaintiff is a regular traveler throughout New York City and often visits the neighborhood where the Premises is located.

14. Despite his disability, plaintiff independently drives a vehicle outfitted with hand controls, allowing him to get around the city and beyond.

15. He frequents the area for everyday activities including dining, shopping, visiting family, and social outings—just like any other New Yorker.

16. On or around May 7, 2025, plaintiff attempted to visit the Premises, which operates as a distinctive Omakase-style sushi restaurant.

17. He was particularly eager to try their torched sushi with caviar, among other offerings.

18. Plaintiff was unable to enter the restaurant due to a prominent staircase at the entrance and no visible method of requesting assistance from inside.

19. This experience left plaintiff feeling humiliated and excluded.

20. Despite the experience, plaintiff still wishes to dine at the restaurant once it is accessible.

21. The Premises is less than an hour from plaintiff's residence.

22. The restaurant's amenities, services, and facilities do not meet the access requirements laid out in the ADA Accessibility Guidelines (28 C.F.R. Part 36, Appendix A), including the 1991 and 2010 Standards for Accessible Design.

23. Due to defendants' noncompliance, plaintiff has been denied equal and safe access to the restaurant.

24. The facility is not designed, constructed, or modified in line with the 1991 or 2010 ADA Standards, the New York City Administrative Code, the City's Building Code, or the 2014 NYC Construction Code.

25. Barriers plaintiff encountered, or that deter him from returning, include but are not limited to:

26. **Inaccessible Entrance**: There is no accessible route to the building. The staircase at the main entry blocks access, and no compliant ramp or alternative means of entry has been provided.

27. Federal accessibility rules require a compliant path from public walkways and transportation stops to at least one accessible entrance. Entrances must meet specific door and level requirements, and significant changes in level must be ramped.

28. **Noncompliant Interior Dining Tables**: The tables inside lack proper knee

and toe clearance and fail to meet the minimum requirement for accessible seating options.

29. Regulations require that at least 5 percent of dining surfaces be fully accessible, including space for wheelchairs and appropriate clearances underneath.

30. **Noncompliant Bar Area**: The bar is too high and lacks any accessible section. There is no portion with adequate height, floor space, or clearance for wheelchair users.

31. Again, ADA regulations require that dining surfaces, including bars, provide accessible height and clear floor space with proper knee and toe clearance.

32. These barriers are representative but not exhaustive. A full inspection will likely reveal additional violations.

33. A comprehensive inspection is needed to identify all noncompliant areas. Plaintiff plans to amend this complaint as needed once that inspection occurs.

34. Defendants have excluded plaintiff from equal access to their business on the basis of disability.

35. They have not adopted compliant policies or made the necessary changes to accommodate individuals with disabilities.

36. Plaintiff faces a continuing and credible threat of future discrimination so long as these barriers remain.

37. He regularly visits the area and intends to return to the Premises multiple times if and when it becomes accessible, as he is genuinely interested in the dining experience it offers.

### FIRST CAUSE OF ACTION

### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

38. Plaintiff repeats and reasserts all preceding allegations as if fully set forth

herein.

39. Plaintiff's disability substantially limits major life activities, including walking and range of motion. As a result, he uses a wheelchair for mobility and meets the definition of an individual with a disability under the ADA.

40. The ADA imposes joint liability on both owners and tenants of public accommodations. Each defendant is individually and jointly responsible for ensuring compliance, regardless of any lease agreement between them. See 28 C.F.R. § 36.201(b).

41. Defendants have denied plaintiff equal access to their public accommodation because of his disability. Their actions and omissions amount to disparate treatment and have caused a disproportionate, adverse impact on him.

42. By failing to comply with accessibility laws, defendants have sent a clear message to disabled individuals like plaintiff that they are not welcome or valued as patrons.

43. Defendants have discriminated against plaintiff by designing, building, or operating a facility that does not meet the minimum requirements of the 1991 or 2010 ADA Standards. See 28 C.F.R. § 36.401(a)(1); 42 U.S.C. § 12183(a)(1).

44. The Premises does not provide equal or integrated access for individuals with disabilities and violates 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

45. Upon making alterations, defendants failed to bring the modified spaces into compliance "to the maximum extent feasible," as required by 28 C.F.R. §§ 36.402 and 36.406.

46. They also failed to provide accessible paths of travel to primary function areas as mandated by 28 C.F.R. § 36.403.

47. Defendants are obligated to comply with the 2010 Standards for Accessible Design when making changes to noncompliant facilities. See 28 C.F.R. § 36.406(5).

48. They failed to remove architectural barriers where it would have been readily

achievable to do so, in violation of 28 C.F.R. § 36.304.

49. Alternatively, defendants failed to provide reasonable alternatives to physical access where barrier removal was not feasible, as required under 28 C.F.R. § 36.305.

50. Their ongoing failure to address these violations reflects a pattern and practice of disability discrimination under 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.101 et seq.

51. Defendants continue to operate an inaccessible facility and discriminate against plaintiff in violation of the ADA.

## SECOND CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

52. Plaintiff incorporates by reference each of the foregoing allegations as though fully restated here.

53. Plaintiff has multiple medical impairments that, either individually or together, substantially restrict major bodily functions, specifically walking and physical movement. He therefore qualifies as a person with a disability under Executive Law § 296(21).

54. Defendants have denied plaintiff equal use of their public establishment solely because of his disability.

55. By operating a facility that is inaccessible to individuals with disabilities, defendants have violated Executive Law § 296(2). Each defendant has also aided or facilitated this discrimination.

56. They failed to implement readily achievable modifications to eliminate access barriers, as required by Executive Law § 296(2)(c)(iii).

57. Alternatively, defendants failed to offer reasonable accommodations or alternatives in lieu of barrier removal, in violation of Executive Law § 296(2)(c)(iv).

58. Making the Premises accessible is entirely feasible and would not impose any

undue hardship or burden on defendants.

59. As a direct consequence of this unlawful conduct, plaintiff has suffered emotional harm, including humiliation, distress, anxiety, and embarrassment.

60. Plaintiff seeks to recover all damages resulting from this discrimination in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

61. Plaintiff repeats and realleges all prior paragraphs as if fully set forth herein.

62. Plaintiff lives with physical conditions that impair multiple bodily systems, including mobility and range of motion. These limitations meet the definition of disability under Administrative Code § 8-102(16).

63. The Local Civil Rights Restoration Act of 2005 (Local Law 85), which amended the City Human Rights Law, explicitly rejects the notion that the Administrative Code should mirror state or federal anti-discrimination statutes. It mandates a broad, liberal interpretation in favor of those seeking protection under the law. See Admin. Code § 8-130.

64. Defendants have subjected plaintiff to both disparate treatment and disparate impact by denying him access to the benefits, accommodations, and services of their commercial space based solely on his disability. This conduct violates Administrative Code § 8-107(4), and each defendant has aided and abetted these violations.

65. Their facility remains physically inaccessible, in violation of Local Law 58 and the City's Human Rights Law. Defendants continue to operate the Premises in a manner that excludes individuals with disabilities from full and equal participation.

66. As a result of this conduct, plaintiff has endured emotional suffering, including stress, humiliation, and embarrassment.

67. On information and belief, defendants' long-standing refusal to make their facility accessible was intentional, calculated, and carried out with reckless indifference to the rights of individuals with disabilities.

68. Their failure to comply with long-established access laws sends a clear message that disabled patrons are unwelcome and undesired.

69. Defendants' actions were willful, reckless, and indifferent, warranting an award of punitive damages under Administrative Code § 8-502.

70. By continuing to profit from an inaccessible space rather than spending the money necessary to bring it into compliance, defendants have unjustly enriched themselves. Plaintiff seeks disgorgement of those gains, with interest.

71. Plaintiff has suffered and will continue to suffer compensable harm, with damages to be assessed at trial.

### FOURTH CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

72. Plaintiff restates and incorporates all preceding allegations as though fully set forth herein.

73. Defendants engaged in discriminatory conduct against plaintiff in violation of the New York State Executive Law.

74. As a result of that violation, plaintiff is entitled to the statutory penalties provided under New York Civil Rights Law §§ 40-c and 40-d for each separate instance of discrimination.

### INJUNCTIVE RELIEF

75. Plaintiff will continue to face unlawful discrimination unless defendants bring their facility and practices into compliance with federal, state, and local accessibility laws.

Injunctive relief is necessary to compel them to take corrective action.

76. Defendants must be ordered to make the Premises accessible to individuals with disabilities and to update their operations, practices, and policies accordingly.

77. Injunctive relief is also necessary to require the provision of auxiliary aids, reasonable modifications, and alternative methods of access as mandated by the ADA, the New York State Executive Law, and the New York City Administrative Code.

## **DECLARATORY RELIEF**

78. Plaintiff seeks a declaration from this Court that defendants have violated his rights by operating a place of public accommodation that fails to comply with the accessibility requirements set forth in the ADA, the Executive Law, and the Administrative Code.

79. A declaratory judgment is necessary to confirm the existence of these violations and to establish the specific modifications required at the Premises, including changes to facilities, services, and operational policies.

## **ATTORNEY'S FEES, EXPENSES AND COSTS**

80. To enforce his rights, plaintiff has retained legal counsel and is entitled to recover reasonable attorney's fees, litigation expenses, and costs in accordance with the ADA and the New York City Administrative Code. See 42 U.S.C. § 12205; 28 C.F.R. § 36.505; and Admin. Code § 8-502.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and

       declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: June 26, 2025

    Manhasset, New York

                                    Respectfully submitted,

                                    **GABRIEL A. LEVY, P.C.**
                                  Attorney for Plaintiff
                                  1129 Northern Blvd, Suite 404
                                  Manhasset, NY 11030
                                  (347) 941-4715

                                  **By:** /s/ Gabriel A. Levy, Esq.
                                  **GABRIEL A. LEVY, ESQ (5488655)**
                                  Glevy@glpcfirm.com